552 S.E.2d 298

**In the Matter of Darrell Lester DIGGS, Respondent.**

**No. 25350.**

Supreme Court of South Carolina.

Submitted Aug. 7, 2001.

Decided Aug. 27, 2001.

Henry Richardson, Jr., and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

D. Lester Diggs, Pro Se.

PER CURIAM.

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to an indefinite suspension or disbarment from the practice of law in this state. We accept the agreement and disbar respondent, retroactive to the date respondent was placed on interim suspension.[1] The facts as admitted in the agreement are as follows.

### *Facts*

### I. Family Court Matter

Respondent was involved in marital litigation with his wife. He was held in contempt by the family court, which could be purged by bringing current the mortgage on the marital

---

1. Respondent was placed on interim suspension by order of this Court dated December 14, 2000. *In the Matter of Diggs*, 343 S.C. 294, 540 S.E.2d 839 (2000).

home. Respondent issued checks to the mortgage company from a closed account. The family court found that respondent knew the account was closed when he wrote the checks, and again held him in contempt.

## II. Client A Matter

Client A hired respondent to represent her after she was involved in an automobile accident. Respondent settled the claim and issued a check to Client A from a bank account that was not a trust account. Respondent has not operated a trust account since early 1999. The check was returned to Client A for insufficient funds. Respondent paid Client A's claim using cash and a cashier's check. Respondent's checks to Client A's medical providers were also returned for insufficient funds.

## III. Client B Matter

Client B retained respondent to represent her in a foreclosure action. Respondent received checks totaling $61,460 from the insurance company. He instructed Client B to endorse the checks and return them to respondent. Respondent told Client B that the money was going to be held in an escrow account. Respondent did not have a trust or escrow account at that time. He gave Client B a check for $3,000 from his personal account. Respondent misappropriated the remainder of Client B's funds.

## IV. Settlement of Client C's Estate

Respondent was retained to settle Client C's estate. Respondent made disbursements to three beneficiaries of the estate. None of the checks were issued from a trust account. Two of the checks were returned for insufficient funds. On learning of this, the third beneficiary did not attempt to negotiate her check.

The Office of Disciplinary Counsel issued a subpoena for respondent's bank records and files from Client C's estate. The client file was not delivered at the date and time promised, and respondent did not turn over all of the requested bank records. A review of respondent's bank records indicate at least 69 negative balances, 40 overdraft fees, and 42 NSF fees over a course of ten months.

In the "Proposal for Distribution" filed with the probate court, respondent stated that various distributions had been made from Client C's estate. In particular, respondent represented to the probate court that he had made payments to the State of Michigan and to Bankers Life and Casualty of Chicago. Neither of these parties received disbursements from Client C's estate.

After respondent issued checks to the beneficiaries of Client C's estate that were returned for insufficient funds, the Aiken County Department of Public Safety began an investigation. Respondent was subsequently arrested for breach of trust with fraudulent intent.

## V. Contempt of South Carolina Supreme Court

Pursuant to an investigation under Rule 413, SCACR, the Office of Disciplinary Counsel issued a subpoena for respondent's client files and bank records. Respondent failed to comply with the subpoena, and was found to be in civil contempt by this Court on March 26, 2001.

## VI. Failure to Cooperate with Attorney to Protect

After respondent was placed on interim suspension, Todd J. Johnson was appointed as the attorney to protect clients' interests pursuant to Rule 413, SCACR. Respondent failed to turn over client files to Johnson. After repeated requests from both Johnson and respondent's clients, many of these files still have not been turned over to Johnson. The failure to cooperate with Johnson was cited as one of the reasons that respondent was held in contempt by this Court.

## VII. Failure to Cooperate with Investigation

The Office of Disciplinary Counsel sent a Notice to Appear to respondent. He was directed to appear and bring all records regarding his family court matter, Client A, Client B, and the settlement of Client C's estate. Respondent neither attended the Notice to Appear nor did he provide the subpoenaed documents for that appearance.

## Law

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); Rule 1.15 (a lawyer shall hold and safeguard property of clients or third persons separate from the lawyer's own business or personal property); Rule 4.1 (in the course of representing a client, a lawyer shall not knowingly make a false statement of material fact or law to a third person or fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited); Rule 8.1 (failure to respond to a lawful demand for information from disciplinary authority); Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); Rule 8.4(c) (engage in conduct involving moral turpitude); Rule 8.4(d) (engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (engage in conduct prejudicial to the administration of justice).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(3) (willful failure to respond to a lawful demand from a disciplinary authority); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state).

## Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state.

Reinstatement shall be conditioned upon full restitution to all injured parties. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.